**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MARK HOPKINS and
SHARON J. HOPKINS,

      Plaintiffs,

v.                                                    Civ. No. 09-185 JCH/CG

HILLARY RODHAM CLINTON,
Secretary of State, and ERIC H.
HOLDER, JR., United States Attorney
General,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter came before the Court on the Defendants' Motion to Dismiss the Plaintiffs' Complaint [Doc. 4]. After carefully reviewing the Defendants' arguments and the Plaintiffs' response, the Court finds that the complaint should be dismissed because the Defendants have demonstrated that the Plaintiffs have failed to effectuate service of process upon Defendants, and because the Plaintiffs have failed to state a claim upon which relief can be granted. Therefore, the Court will dismiss the Plaintiffs' complaint in its entirety without prejudice.

**BACKGROUND AND PROCEDURAL HISTORY**

Criminal charges are pending in the United States District Court, District of New Mexico against Plaintiffs pertaining to their income tax liability. See United States v. Mark E. Hopkins and Sharon J. Hopkins, Cr. No. 09-863 MCA. The Plaintiffs filed their complaint in this matter on February 24, 2009 challenging the constitutionality of several federal statutes relating to the assessment and collection of taxes [See Doc. 1]. On that same date, summonses were issued for both Defendants. On May 7, 2009, Defendants filed Defendants' Motion to Dismiss the Plaintiffs'

1

Complaint [Doc. 4] contending that the complaint must be dismissed because it fails to state a claim upon which relief can be granted and for lack of jurisdiction. Defendants also noted that Plaintiffs had failed to serve them with the complaint. Plaintiffs filed their Response to the Defendants' Motion to Dismiss the Plaintiffs' Complaint [Doc. 10] on July 16, 2009.

## **LEGAL STANDARD**

**I.      Service of Process.**

"Effectuation of service is a precondition to suit." Jenkins v. City of Topeka, 136 F.3d 1274, 1275 (10th Cir. 1998). The burden to establish validity of service is on the plaintiff. See Fed. Deposit Ins. Corp. v. Oaklawn Apts., 959 F.2d 170, 174 (10th Cir. 1992). A litigant's pro se status does not relieve him of the requirement of effective service. See Systems Signs Supplies v. United States Department of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)(citing Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988)). If service of process is challenged, the serving party must demonstrate the validity of service or prove that it was for good cause that timely service failed. See Systems Signs Supplies, 903 F.2d at 1013 (citing Winters v. Teledyne Movible Offshore, Inc., 776 F.2d 1304, 1305 (5th Cir. 1985)); Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc., 635 F.2d 434, 435 (5th Cir. 1981)).

> Rule 4(m) of the Federal Rules of Civil Procedure states that,
>
> if a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In the Tenth Circuit, under Rule 4(m) the Court employs a two-step analysis. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff can demonstrate good cause for failing to timely effect service. See

id. "The good cause provision of Rule 4[(m)] should be read narrowly to protect only those plaintiffs who have been meticulous in their efforts to comply with the Rule." Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d 1436, 1438 (10th Cir. 1994) (quoting In re City of Philadelphia Litig., 123 F.R.D. 512, 514 n. 2 (E.D. Pa. 1988)).  See In re Kirkland, 86 F.3d 172, 176 (10th Cir. 1996); Jones v. Frank, 973 F.2d 872, 873-74 (10th Cir. 1992).  "[I]nadvertence or negligence alone do[es] not constitute 'good cause' for failure of timely service.  Mistake of counsel or ignorance of the rules also usually do[es] not suffice." In re Kirkland, 86 F.3d at 176 (citing Putnam v. Morris, 833 F.2d 903, 905 (10th Cir. 1987), and Despain v. Salt Lake Area Metro Gang Unit, 13 F.3d at 1439)).

Second, if the plaintiff fails to show good cause, the court may exercise its discretion, and either dismiss the case without prejudice or extend the time for service. See Espinoza v. United States, 52 F.3d at 842.  In making its determination whether to grant a permissive extension, the court should consider several factors, including whether the applicable statute of limitations would bar the re-filed action, whether the plaintiff is proceeding pro se, and whether the defendants are evading service.  See id. at 841-842.  Proceeding pro se, however, does not excuse a plaintiff from complying with Rule 4.  See Jones v. Frank, 973 F.2d at 872-874.

**II.     Failure to State a Claim upon Which Relief Can be Granted.**

In assessing a pro se plaintiff's pleadings, the Court must construe such pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  When ruling on a Rule 12(b)(6) motion to dismiss, the court must accept the plaintiffs' well-pled allegations as true, and it must construe all reasonable inferences in favor of the plaintiffs. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493, 106 S. Ct. 2034, 90 L. Ed. 2d 480 (1986).  A court, however, need only accept as true those facts that are well-pled; not allegations that are

conclusory, especially in light of evidence to the contrary.  Maher v. Durango Metals, Inc., 144 F.3d 1302, 1304 (10th Cir. 1998).  A court's role in reviewing a Rule 12(b)(6) motion is not to weigh evidence that the parties might present at trial, but to assess whether the complaint's allegations, standing alone, are legally sufficient to state a claim for which relief may be granted.  Thomas v. National Ass'n of Letter Carriers, 225 F.3d 1149, 1157 (10th Cir. 2000).  In order to withstand a motion to dismiss, a complaint must "contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974 (2007)).

## DISCUSSION

In their motion to dismiss, the Defendants assert that they have not been properly served with process.  While the docket for this matter indicates that on February 24, 2009, the Clerk issued summonses, there is no indication that Plaintiffs have served the Defendants within the time frame required under Rule 4(m).  Indeed, far more than 120 days has passed since the Plaintiffs initiated this action, and still Plaintiffs have failed to properly serve Defendants.  In their response to the motion, the Plaintiffs have neither addressed the Defendants' claim of lack of service, nor offered good cause for their failure to serve Defendants, nor requested more time in which to do so. Accordingly, Plaintiffs' complaint should be dismissed for lack of service.

In addition, granting Plaintiffs an extension of time to serve process would be futile because the complaint does not provide enough facts upon which to base a recognized legal claim against the Defendants.  The Plaintiffs do not allege any specific acts of these Defendants, much less any actions by the Defendants that violated the Plaintiffs' constitutional rights.  As the Defendants point out, the Plaintiffs are not challenging acts of the Defendants but the constitutionality of the statutes themselves.   Because  the  Plaintiffs  do  not  allege  that  the  defendants  have  violated  their

4

constitutional rights, those individuals are not subject to suit under *Bivens v. Six Unknown Named Federal Narcotics Agents*, 403 U.S. 388 (1971). Rather, Plaintiffs seek injunctive and declaratory relief, presumably against the United States.

Accordingly, accepting all of the Plaintiffs' factual allegations as true, the facts do not raise a right to relief. The complaint fails to state a claim upon which relief can be granted, and, because of the extreme lack of factual information pertaining to the Defendants in the complaint, amending the complaint at this time would be futile. The motion will be granted and the complaint will be dismissed without prejudice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the United States and Defendants' Motion to Dismiss the Plaintiffs' Complaint [Doc. 4] is **GRANTED**. Plaintiffs' Complaint is dismissed in its entirety without prejudice.

_____
**UNITED STATES DISTRICT JUDGE**